IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3247 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Illinois Department of Corrections' (Corrections Department) Motion to Dismiss (d/e 6). Plaintiff alleges that unknown employees of the Corrections Department and the Illinois Department of Parole and Supervision (Parole Department) violated his constitutional rights by illegally seizing him and holding him in custody. He brings this action alleging false imprisonment and violation of his constitutional rights under 42 U.S.C. § 1983. The Corrections Department moves to dismiss. For the reasons set forth below, the Motion is ALLOWED and Defendants Corrections Department, Parole Department

1

and Donald Snyder are dismissed from the action. Vincent, however, is given leave to file an amended complaint.

## STATEMENT OF FACTS

Vincent alleges that he was incarcerated in the custody of the Corrections Department until November 19, 2004. Thereafter, he was released on supervised release. He alleges that he complied with all the terms of his supervised release, but was wrongfully seized and held by unknown employees of the Corrections Department and the Parole Department in violation of his constitutional rights. The parties agree that the Court can take judicial notice of the fact that Donald Snyder has not been Director of the Corrections Department since 2001. Memorandum of Law in Support of Defendant's Motion to Dismiss (d/e 7), at 3; Memorandum of Law in Support of Plaintiff's Response to Motion to Dismiss (d/e 8), at 4. Vincent seeks damages for false imprisonment and for violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

## ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Vincent. Hager v. City of West

Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Complaint should not be dismissed unless it appears beyond doubt that Vincent can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Vincent cannot bring an action for damages against the Corrections Department and the Parole Department under § 1983 because the state is not a person under § 1983 for purposes of damage claims. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 64 (1989). Any supplemental state law claims for damages for false imprisonment or other torts is barred by the Eleventh Amendment. U.S. Const. amend. XI; Kentucky v. Graham, 473 U.S. 159, 169 n.14 (1985). The claims against these Defendants are dismissed.

The claims against Snyder are also dismissed. A person is liable under § 1983 only if he was personally involved or acquiesced in the tortious conduct. Kelly v. Municipal Courts of Marion County, Ind., 97 F.3d 902, 908 (7th Cir. 1996). The wrongful seizure occurred after November 19, 2004, and Vincent concedes that Snyder had not been the Director of the Corrections Department since 2001. Snyder, therefore, clearly was not

personally involved and did not acquiesce in the wrongful conduct. The Court further declines to exercise supplemental jurisdiction over any state law claims against Snyder. The claims against him are dismissed.

Vincent asks for leave to amend to substitute Snyder's successor as a Defendant. The Court gives Vincent leave to amend, but notes that the Director of the Corrections Department is liable under § 1983 only if he was personally involved in the tortious conduct. Vicarious liability is not available under § 1983. <u>See</u> <u>e.g.</u>, <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001).

THEREFORE, the Motion to Dismiss (d/e 6) is ALLOWED. The § 1983 claims against the Illinois Department of Corrections, the Illinois Department of Parole and Supervision, and Donald Snyder are dismissed with prejudice. The other claims against the Illinois Department of Corrections, the Illinois Department of Parole and Supervision, and Donald Snyder are dismissed for lack of jurisdiction. These Defendants are dismissed from this action. Plaintiff is given leave to file an amended complaint by April 2, 2007.

IT IS THEREFORE SO ORDERED.

ENTER: February 23, 2007.

FOR THE COURT:

s/ Jeanne E. Scott  
JEANNE E. SCOTT  
UNITED STATES DISTRICT JUDGE