# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3247 |
| | ) | |
| FRANK SPAULDING and | ) | |
| TERI MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants Frank Spaulding and Teri Myers' Motion for Summary Judgment (d/e 23).  The Defendants are entitled to summary judgment because the § 1983 claims against them are barred by the statute of limitations.

Plaintiff John Vincent does not dispute any of the Defendants' Statements of Undisputed Fact.  <u>Memorandum in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment (d/e 26)</u>, at 1.  Those facts show, when viewed in the light most favorable to the Plaintiff, that Vincent was wrongfully arrested for violation of the terms and

conditions of mandatory supervised release on October 27, 2004. In fact, the mandatory supervised release should have ended on September 8, 2004. Vincent was subsequently released from custody on November 8, 2004.

Vincent filed this action on October 27, 2006, against the Illinois Department of Corrections (IDOC), the Illinois Department of Parole and Supervision (IDPS), the Director of the Department of Corrections, and Unknown Defendants. Complaint (d/e 1). The claims against the named Defendants were dismissed, but Vincent was given leave to file an amended complaint. Opinion entered February 23, 2007 (d/e 10), at 4. On April 2, 2007, Vincent filed an Amended Complaint against Unknown Employees of IDOC and IDPS. Amended Complaint (d/e 11 & 12).[1] On May 2, 2007, Vincent moved to substitute Teri Myers and Frank Spaulding as named Defendants. Motion to Substitute Other Named Defendant (/de 13). Myers and Spaulding were served on June 25, 2007. Myers and Spaulding had no notice of this action until that date.

## ANALYSIS

Vincent's federal claims are based on 42 U.S.C. § 1983. The applicable statute of limitations in Illinois is two years. Shropshear v.

---

[1] Vincent filed the Amended Complaint twice.

2

Corporation Counsel of City of Chicago, 275 F.3d 593, 594 (7th Cir. 2001). Vincent was wrongfully arrested on October 27, 2004, and thereafter detained until November 8, 2004. Vincent did not add Myers and Spaulding as parties to this action until May 2, 2007, more than two years later. The claims against Myers and Spaulding do not relate back to the original filing date because these Defendants had no notice of the action prior to being served on June 25, 2007, nor is there any evidence that they knew or should have known that they were the intended Defendants. Fed. R. Civ. P. 15(c). Vincent's inclusion of Unknown Defendants in the Complaint and Amended Complaint did not cause the subsequent substitution of named Defendants Myers and Spaulding to relate back to the original filing date. Sassi v. Breier, 584 F.2d 234, 235 (7th Cir. 1978).

Vincent argues that the doctrine of respondeat superior should apply to impute notice of the action to Myers and Spaulding. Vincent served the original Complaint on their employer, the IDOC, and the Director of IDOC, within the statute; thus, he argues, Myers and Spaulding should be deemed to be on notice of the action because their employer was on notice. Vincent cites no authority for this proposition, and the proposition is contrary to the language of Rule 15(c) and the ruling in Sassi. The claims against Myers

and Spaulding do not relate back to the original filing date. Myers and Spaulding were added as Defendants on May 2, 2007, more than two years after the claim arose. The federal claims against them are barred by the statute of limitation.

The Court notes that the Amended Complaint uses the phrase "false imprisonment" at various points. E.g., Amended Complaint, ¶¶ 7, 11. To the extent that Vincent seeks to assert a state law claim for false imprisonment, the Court declines to exercise supplemental jurisdiction for such a claim.

THEREFORE, Defendants Teri Myers and Frank Spaulding's Motion for Summary Judgment (d/e 23) is ALLOWED. Judgment is entered in favor of Defendants Teri Myers and Frank Spaulding and against Plaintiff John Vincent on Vincent's claims brought under 42 U.S.C. § 1983. Any state law claim is dismissed for lack of jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 22, 2008
       FOR THE COURT:

                                      s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE